# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

WESTERN MESQUITE MINES, INC., a Nevada Corporation;
"Additional Parties attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

GUILLERMO L. SORNIA, an individual, on behalf of himself and others similarly situated,

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**ELECTRONICALLY FILED**
Superior Court of California,
County of Imperial
**05/08/2024 at 05:18:10 PM**
By: Marissa Moran, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* El Centro Courthouse
939 W Main Street
El Centro, CA 92243

CASE NUMBER:
*(Número del Caso):* ECU003523

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
D.Law, Inc., Emil Davtyan, 880 E Broadway, Glendale, CA 91205; Ph: (818) 962-6465 / Fx: 818-962-6469

DATE: 05-08-2024 *(Fecha)* Maria Rhinehart Clerk, by *(Secretario)* [signature] Marissa Moran, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
THE GREAT SEAL OF THE STATE OF CALIFORNIA
EUREKA
COUNTY OF IMPERIAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

**SUM-200(A)**

| SHORT TITLE: Sornia v. Western Mesquite Mines, Inc. et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

EQUINOX GOLD CORP, a Canadian Corporation;
NEW GOLD CANADA, INC., a Canadian Corporation;
and DOES 1 through 50, inclusive,



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

Assigned for All Purposes Including Trial To: L. Brooks Anderholt

D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
Jean Hopkins Power (SBN 326509)
j.power@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff Guillermo L. Sornia, on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Imperial
**05/08/2024 at 05:18:10 PM**
By: Marissa Moran, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF IMPERIAL**

GUILLERMO L. SORNIA, an individual, on behalf of himself and others similarly situated,

Plaintiff,

vs.

WESTERN MESQUITE MINES, INC., a Nevada Corporation; EQUINOX GOLD CORP, a Canadian Corporation; NEW GOLD CANADA, INC., a Canadian Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: ECU003523

CLASS ACTION

Assigned for All Purposes To:
Hon. L. Brooks Anderholt
Dept.: 9

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages and for All Hours Worked;
2. Failure to Pay Wages and Overtime under Labor Code § 510;
3. Meal Period Liability, Labor Code § 226.7;
4. Rest-Break Liability, Labor Code § 226.7;
5. Failure to Pay Proper Sick Pay, Labor Code § 246;
6. Violation of Labor Code § 226(a);
7. Violation of Labor Code § 221;
8. Violation of Labor Code § 204;
9. Violation of Labor Code § 203;
10. Failure to Maintain Records Required under Labor Code §§ 1174, 1174.5;
11. Failure to Reimburse Necessary Business Expenses Under Labor Code § 2802; and
12. Violation of Business & Professions Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff GUILLERMO L. SORNIA (hereinafter “Plaintiff”), on behalf of himself and all other similarly situated non-exempt, hourly workers employed by Defendants in California(collectively, “Employees”; individually, “Employee”), complains of Defendants, and each of them, as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants WESTERN MESQUITE MINES, INC., a Nevada corporation; EQUINOX GOLD CORP, a Canadian Corporation; NEW GOLD CANADA, INC., a Canadian corporation; and DOES 1 through 50 (all defendants being collectively referred to herein as “Defendants”). Plaintiff alleges that Defendants violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress for these violations.

2. Plaintiff worked as a non-exempt, hourly Lab Supervisor and Refiner Supervisor at one of Defendants’ facilities and locations in California. He and the other Class members were employed by Defendants as non-exempt, hourly employees at Defendants’ mines, locations, and facilities in California, including in positions related to mining, smelting, and extraction of gold, laboratory work, providing lumber, and services related to mining and providing gold for Defendants. Plaintiff worked at Defendants’ behest without being paid all wages due and without being provided all required breaks. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and shared similar job duties and responsibilities, were subjected to the same policies and practices, and endured similar violations at the hands of Defendants as the other Employees who served in similar and related positions.

3. Defendants required Plaintiff and the Employees in the Class to work off the clock and failed to record accurate time worked by these Employees, failed to pay them at the appropriate rates for all hours worked, failed to pay all wages due and owing at termination or resignation, and provided Plaintiff and the Class members with inaccurate wage statements that

prevented them from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as Employees were required to remain under Defendants' control and were not provided with the opportunity to take full uninterrupted, timely, and duty-free rest periods and meal breaks, as required by the Labor Code and the applicable paragraphs of the IWC Wage Orders.

4. Defendant WESTERN MESQUITE MINES, INC. ("Western Mesquite") is a Nevada corporation that lists is principal address with the California Secretary of State in Brawley, Imperial County, California. The wage statements issued to Plaintiff from Defendants, and upon information and belief the other Class members, listed "Equinox Gold Western Mesquite Mines" as the employer, with the same address in Brawley, California. Upon information and belief, Western Mesquite is a subsidiary, sub-entity, predecessor, successor, or otherwise related entity that operates as part of Defendant, EQUINOX GOLD CORP as set forth below.

5. Defendant EQUINOX GOLD CORP ("Equinox Gold") a Canadian Corporation. The wage statements issued to Plaintiff from Defendants and the Plaintiff's business card include "Equinox Gold Corp" on the face of the documents. LinkedIn shows that "Equinox Gold is a growth-focused Canadian mining company operating entirely in the Americas. The Company has seven operating gold mines in the USA, Mexico and Brazil.." Furthermore, the Equinox Gold website states "Equinox Gold is a growth-focused gold producer with seven gold mines and a plan to more than double its gold production over the next few years by advancing a pipeline of development and expansion projects." Additionally, the website provides:

> "Equinox Gold was formed at the end of 2017 with the strategic vision of building a company that will safely and responsibly produce more than one million ounces of gold annually, bring long-term social and economic benefits to its host communities, create a safe and rewarding workplace for its employees and contractors, and provides above-average investment returns to its shareholders.
>
> To achieve its growth objectives, Equinox Gold has constructed three new mines and also completed three strategic acquisitions. Along with increased production and cash flow and a larger reserve and resource base, these acquisitions provided significant diversification, reducing both an asset and geopolitical risk by spreading the Company's production base across seven mines in four countries."

6. Defendant NEW GOLD CANADA, INC. ("New Gold") is a Canadian Corporation that is not listed on the California Secretary of State website as an entity authorized to conduct business in California. It is listed on Plaintiff's Employee performance Evaluation and on the Acknowledgment of Drug and Alcohol Abuse Policy and Promise to Comply. LinkedIn shows, "New Gold is an intermediate gold mining company committed to responsible mining with a portfolio of two core producing assets in Canada."

7. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred, at least in part, in Imperial County, where Defendants conduct business and are headquartered and employ Plaintiff and other Class members.

8. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

9. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, created and

implemented the policies and practices that governed the employment of Plaintiff and the Class members and dictated their job duties and responsibilities, or otherwise suffered or permitted Plaintiff and the other Employee Class members to work, or engaged, thereby creating a common law employment relationship, with the Employee Class members. Therefore, Defendants, and each of them, employed or jointly employed the Employee Class members.

**FACTUAL BACKGROUND**

10. The Employees who comprise the Class, including Plaintiff, are non-exempt employees of Defendants pursuant to the applicable Wage Order of the Industrial Welfare Commission ("IWC"). During the period of four years prior to the filing of this action through its resolution, Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates, including for meal period and rest break premium payments. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by miscalculating wages owed and by requiring off the clock work, failing to provide meal and rest breaks, and failing to furnish accurate wage statements and timely pay all wages owed, all in violation of various provisions of the California Labor Code and applicable paragraphs of the IWC Wage Orders.

11. During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all their overtime hours worked, or were not paid at the correct rates. This has resulted in systematic and ongoing violations of the California Labor Code and relevant IWC Wage Orders. Upon information and belief, Defendants employ other non-exempt, hourly employees as positions related to mining, smelting, and extraction of gold, laboratory work, providing lumber, and services related to mining and providing gold for Defendants.

12. For much of his employment, Plaintiff was employed by Defendants as a Lab Supervisor and Refiner supervisor at one of Defendants' facilities in Brawley, California. Plaintiff generally worked over forty or more hours per week, five to six days per week, which resulted in

shifts of approximately eight to ten hours in duration. Plaintiff's shifts were generally scheduled from 5:30 a.m. to 4:30 p.m.

13. The nature of Defendants' operations and its policies and practices require that Employees endure significant off-the-clock work. Defendants' facilities included timekeeping systems incorporating electronic recording of time punches by Employees logging onto Defendants' Kronos timekeeping system to record their time entries. However, Plaintiff's hours worked in excess of eight hours per day in a concerted effort by Defendants to avoid proper payment of overtime wages.

14. The failure to maintain accurate timekeeping and payroll records perpetrated by Defendants has also been exacerbated by off the clock work Defendants required their Employees to endure. Due to the heavy volume of work, Plaintiff was habitually compelled to work through parts of his meal periods in order to complete his work. Plaintiff was required at times to clock out for lunch and continue performing job duties rather than being provided with the duty-free meal periods required under the Labor Code. Defendants were also aware that their facilities were understaffed and as a result, Employees were required to work additional hours that were often uncompensated or otherwise underpaid.

15. If Plaintiff failed to complete all his work during his scheduled hours, he would be forced to incur overtime hours which Defendants' management frowned upon and rarely authorized. Thus, Plaintiff was forced to work through parts of his meal periods to complete all his work and to avoid incurring an amount of overtime that Defendants would not accept and pay. These additional hours worked generally went uncompensated despite the fact Plaintiff was under Defendants' control or otherwise required to continue performing job duties or was standing by to perform them. Plaintiff and other Employees' rest breaks were also routinely interrupted or not provided at all due to pressing work demands. Due to understaffing and the heavy volume of work, Employees were generally not permitted to take any rest breaks.

16. Defendants followed similar unlawful practices, upon information and belief, in connection with other Employees in a concerted effort to limit and restrict regular and overtime hours earned by and owing to Plaintiff and the other Class members by requiring, for example,

Plaintiff and other Class Members to wait in lines to submit to COVID temperature checks for 2-3 minutes each day before clocking in. As a result of this and the other off the clock they required Employees to endure, Defendants failed to pay Plaintiff and Class members overtime at the end of work shifts which Defendants did not record in any timekeeping or payroll records. Defendants thus both failed to pay overtime hours and failed to compensate them at the correct premium rates.

17. Defendants also failed to properly account for bonuses in the Plaintiff's and Class Members' overtime, meal penalty, sick period, and rest penalty regular rates. Plaintiff was therefore not paid for all his hours worked at the required minimum, overtime and double time wage rates due to Defendants' policy and practice of requiring him to work off the clock and without pay. With work shifts generally scheduled for eight hours or more, this unpaid off the clock work resulted in Plaintiff and the Class members working past eight hours on a shift, which required that they be paid at the correct overtime rate of 1.5 times their regular rate. Defendants thus systematically underpaid Plaintiff and the Class members by failing to pay them at the required overtime rates for all hours over eight in a work shift or over forty in a work week, and all hours over twelve in a day at the required double time rate. Upon information and belief, the Class members were bound by similar scheduling and work policies which Defendants required them to follow and endured similar violations at Defendants' hands as Plaintiff.

18. As a result of the above-described unlawful requirements to work off the clock, the failure to accurately record all hours worked and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight hours in any given day and/or more than forty hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock at their regular rates.

19. The failure to pay for all hours worked and underpayment of wages to Plaintiff and the Class members is and has been a direct consequence of Defendants' unlawful compensation policies and practices, which upon information and belief applied uniformly to the Class members working at Defendants' locations and facilities. As a result of the above-described unlawful requirements to work off the clock, the failure to accurately record all hours worked and pay wages at the correct rates, the failure to compensate employees for time under Defendants' control and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight hours in any given day and/or more than forty hours in any given week.

20. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked and failing to pay minimum wages for all time worked, as required by California law. Defendants thus followed a consistent policy or practice of failing to pay Employees overtime compensation at the correct premium overtime rates for all hours worked in excess of eight hours a day and/or forty hours a week and double-time rates for all hours worked in excess of twelve hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders. To the extent Defendants paid Plaintiff and the Class members bonuses or shift differentials or other forms of remuneration above and beyond their hourly pay, upon information and belief Defendants miscalculated and therefore underpaid any overtime they paid during these pay periods by failing to include all forms of remuneration in the regular rate used to calculate and pay overtime.

21. Defendants also failed to provide Plaintiff and the Class members with their required meal periods and the at least two ten-minute rest breaks required for scheduled shifts of eight hours. Demanding workloads contributed to Defendants' common policy of failing to provide lawful meal periods to Plaintiff and the Class members, as required under the Labor Code and Paragraph 11 of the IWC Wage Order(s). Defendants similarly systematically failed to authorize and permit Plaintiff and the employee Class Members to take all required 10-

minute rest breaks, as required under the Labor Code and Paragraph 12 of the IWC Wage Order(s).

22. More specifically, Plaintiff worked shifts that entitled him to at least one meal period, but Defendants' managers required Plaintiff and the Class members to prioritize work over taking lawful meal periods. Constant short-staffing led to systematically late meal periods, and on-duty meal periods that were incessantly interrupted by management demands and required job duties and tasks. The heavy workload and management expectations also contributed to Employees working through meal periods or not taking them or taking them late so work could be accomplished or they were otherwise required to remain under Defendants' control during meal periods.

23. Therefore, meal period violations systematically occurred throughout all of Plaintiff's work shifts where Defendants both failed to provide a lawful meal period and failed to provide a meal premium payment. To the extent Defendants ever did pay Plaintiff a meal period premium, they failed to include all forms of remuneration beyond hourly wages in the regular hourly rate used to pay the one-hour premium payment. Upon information and belief, the other Class members were subjected to similar unlawful policies and practices and endured similar violations as Plaintiff.

24. Defendants thus failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class members, as required by the applicable Wage Order and Labor Code. Plaintiff and other Class members were required to perform work as ordered by Defendants or otherwise remain under Defendants' control for more than five hours during a shift, or ten hours in a shift, but were often required to do so without receiving a lawful, timely, and duty-free 30-mintue meal breaks. Additionally, as addressed above, Defendants followed a practice of requiring off the clock work, in a manner that would impact when Employees were to receive meal periods and rest breaks, thus leading to further violations.

25. As a result, Defendants' failure to provide Plaintiff and the Class members with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest

periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided. Upon information and belief, if and when Defendants did pay any meal period premiums, they failed to include all forms of remuneration such as bonuses and shift differentials in the regular rate used to calculate and pay it. To the extent Plaintiff and the Class members worked shifts of over ten hours, upon information and belief Defendants failed to provide them with a second required meal period.

26. Therefore, for at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required meal breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a) Class members were not provided full thirty-minute duty free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b) Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten hours;

(c) Class members were required to work through at least part of their daily meal period(s);

(d) Meal periods were provided after five hours of continuous work during a shift; and

(e) Class members were restricted in their ability to take a full thirty-minute meal period and were not permitted to leave their work premises during

meal periods and were otherwise required to remain under Defendants' control during meal periods.

27. Defendants also failed to authorize and permit Plaintiff and the Class members to take duty-free, net ten minute rest breaks for every four hours of shift work, or major fraction thereof. There were similar issues with the required net ten-minute rest breaks that Plaintiff and the Class members were unable to take as with meal periods. Defendants made no efforts or provided no emphasis on authorizing and permitting Employees to take net ten-minute rest breaks for every four hours of work.

28. Given the constant and ongoing job demands he faced and Defendants' failure to adequately staff its facilities to permit employees to take breaks, Plaintiff was compelled to remain on the premises performing job-related duties while also remaining under Defendants' control during times when he was supposed to be enjoying a duty-free rest break. By uniformly requiring Plaintiff and the other similarly situated co-workers to remain under Defendants' control and on premises during rest breaks, Defendants committed systematic and ongoing rest break violations. To the extent Defendants paid any rest break premium payments under Labor Code § 226.7 to Plaintiff or Class members, these payments failed to include all forms of remuneration in the regular hourly rate at which they were paid.

29. Defendants' management did not emphasize the requirement to provide at least one ten-minute duty-free rest period for each four-hour duty period, or major fraction thereof. If and when Plaintiff was permitted to take a ten-minute rest break on a shift, he was not permitted to take a second one or a third one or any breaks were untimely or impermissibly shortened. Further violations occurred as Plaintiff and the Class members were required to remain under Defendants' control by not being able to leave the premises and by Defendants' requirement that they remain ready to respond to work requirements and job demands, thus requiring Employees to unlawfully remain under Defendants' control during rest breaks.

30. Defendants thus failed to authorize and permit Class members to take all their required rest breaks. Plaintiff and the other similarly situated Class members were either not authorized, permitted the opportunity to take a rest break, or were required to remain under

Defendants' control and respond to instructions and job demands. Defendants also failed to authorize and permit Employees to leave the property premises during rest breaks, or else prevented them from doing so, thus further evidencing Defendants' policy and practice of requiring Plaintiff and the Class members to remain under their control during required off-duty rest breaks.

31. Defendants' policies and practices thus systematically deny and denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. The California Supreme Court has instructed that the rest period requirement obligates employers to permit and authorize employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Class members were and are under Defendants' control when they are working through rest breaks, and Defendants failed to schedule or account for required first, second, and third rest breaks during the shifts Plaintiff and the Class members generally worked.

32. Plaintiff and the Employees in the Class were not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks, and were not provided with one hour's wages in lieu thereof. They were required to remain on duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises during rest breaks under Defendants' policies and practices. Rest period violations therefore arose in one or more of the following manners:

(a) Class members were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided, and to the extent Defendants paid any premiums, they failed to include all forms of remuneration in the regular rate used to calculate and pay them.

(b) Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c) Class members were required to remain on duty and under Defendants' control during rest periods or otherwise had their rest periods interrupted by work demands.

33. From at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or deducting the Employees' earned wages, including by requiring off the clock work during breaks and before and after work shifts and by miscalculating the regular rate and accordingly underpaying overtime wages and meal and rest break premiums. By not compensating Employees for all hours worked and under Defendants' control at the correct rates, Defendants unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in violation of Labor Code § 221.

34. Defendants also violated California Labor Code § 246 by not providing all required paid sick days to Plaintiff and the similarly aggrieved Employees. Labor Code § 246 provides that an Employee who "works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section." Paid sick time for nonexempt employees shall be calculated in the same manner as the regular pay rate for the workweek in which the employee uses the paid sick time. Defendants failed to provide Plaintiff and the other similarly Aggrieved Employees with all their required and earned sick days paid at the correct rate of pay, in violation of Labor Code § 246. Additionally and upon information and belief, Defendants have failed to provide COVID-19 supplemental sick leave to the Class members during the relevant time period, including by failing to provide two work weeks of COVID-19 supplemental paid sick leave paid at the correct rates as required under Labor Code §§ 248.1 and 248.2 and including damages and penalties as these sections are enforced through Labor Code § 248.5, which requires that: "If paid sick days were unlawfully withheld, the dollar amount of paid sick days withheld from the employee multiplied by three, or two hundred fifty dollars ($250), whichever amount is greater,

but not to exceed an aggregate penalty of four thousand dollars ($4,000), shall be included in the administrative penalty." Plaintiff accordingly seek this relief available for Defendants' failure to provide Employees with all their required and earned sick days and all their COVID-19 supplemental sick leave in violation of Labor Code §§ 246, 248.1, 248.2, and the civil and statutory penalties available and applicable under Labor Code §§ 246, 248.1, 248.2, 248.5, 558, 1194.2, 1197.1, 1198, 1199, and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

35. Upon information and belief, Defendants also failed to provide Employees such as Plaintiff at the time of his employment and thereafter with written notice complying with all the requirements of Labor Code § 2810.5, which provides that: "At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing" specifically required information. Upon information and belief, Defendants failed to provide this information to the Class Members as required under Labor Code § 2810.5. Defendants were required to provide Plaintiff and the Class members certain specific information upon hiring pursuant to California Labor Code § 2810.5. Defendants failed to provide Plaintiff with any such information when he was hired, or have failed to produce it, and upon information and belief, Defendants committed similar violations in connection with similarly situated Class members.

36. As a result of these illegal policies and practices, Defendants also engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members he seeks to represent:

(a) failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203 and 227.3;

(b) failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204;

(c) failing to pay Class members all wages owed, including all meal and rest

period premium wages, and failing to pay them at the regular rate of compensation;

(d) failing to maintain accurate records of Class members' hours worked and earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

(e) failing to produce timekeeping records in response to Plaintiff's timely and lawful request to receive them under these authorities.

37. Defendants have also consistently failed to provide Class members with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, failure to pay all overtime and double time wages owed and failure to pay them at the appropriate premium rates, and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks, or by miscalculating any overtime or meal period or rest break premium wages and by the systematic and unlawful deductions Defendants took from Employee wages. Defendants have also made it difficult to account with precision for the unlawfully withheld wages and meal and rest period compensation owed to Plaintiff and the Class, during the liability period, including because they did not calculate the regular rate of pay correctly when paying overtime or meal period premiums and because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained or were not accurately maintained for work shifts and meal periods. Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by Plaintiff and the Class members, including by failing to pay all overtime hours at the correctly calculated overtime premium rate. Defendants also failed to accurately list the Total Hours worked on wage statements issued to Plaintiff, and upon information and belief the other Class members, including by including hours and payment entries for items that do not count as hours worked. Defendants have also failed to accurately list the name and address of Plaintiff's employer on wage statements issued to the Class members, in violation of section 226(a)(8).

38. Defendants therefore also provided Plaintiff and the Class members with wage statements that failed to accurately report all hours worked and applicable hourly rates for all hours worked. For the same reasons as explained above, Plaintiff and the Class members were provided with unlawful wage statements that failed to reflect all hours worked and failed to pay for all overtime hours or failed to pay overtime wages at the correct overtime premium rate, and Defendants miscalculated meal and rest break premiums, and sick time if and when they did pay them. Defendants followed this unlawful policy and practice even though both Plaintiff and Defendants were aware that Plaintiff and the Class members worked more total hours than were reflected on the wage statements, including overtime hours, and were underpaid by regular rate miscalculation. Plaintiff and the Employees in the Class were unable to discern from their wage statements alone the actual hours they worked in total during a pay period and the rates they were paid for those hours worked.

39. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked.

40. Defendants also required Plaintiff and the Class members to work hours off the clock for which they were not compensated. They were also required to endure off the clock work addressed above during interrupted or otherwise on-duty meal and rest periods and were not provided with sick pay and supplemental sick leave and were subjected to systematic off the clock work. Defendants also failed to pay all overtime premium wages owed for work conducted on a work shift and a workday or failed to pay it at the correct rate, as addressed above. Therefore, Defendants have also followed a uniform and consistent policy of failing to pay all wages owed to

Plaintiff and other similarly situated Employees at the time of their termination or within seventy-two hours of their resignation, as required by California wage-and-hour laws, including under Labor Code § 203.

41. Additionally, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Plaintiff and the Class members to incur necessary business expenses in the course of performing their required job duties without reimbursement. These include the cell phone-related expenses Plaintiff incurred in responding to calls from management both on and off the clock. Moreover, Plaintiff was required to drive during work and his mileage reimbursement was taxed, so the reimbursement was incomplete. Plaintiff and the Class members must be reimbursed for these necessary business expenses under Labor Code § 2802, and Defendants systematically failed to do so.

42. In light of the foregoing, Plaintiff and the Employees in the Class bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.4, 226.7, 227.3, 246, 248.1, 248.2, 248.5, 351, 354, 510, 511, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198, 1198.5, 1199, 2802, 2810.5, and California Code of Regulations, Title 8, section 11000 *et seq*.

43. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff and the Class members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

44. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed as non-exempt, hourly employees within the State of California." This includes all hourly positions related to mining, smelting, and extraction of gold, laboratory work, providing lumber, and services

related to mining and providing gold for Defendants, and those in similar and related positions. Further, Plaintiff seeks to represent the Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f. Subclass 6. Unauthorized Deductions from Wages Subclass. All Class members who were subject to Defendants' policy and/or practice of deducting wages earned from their pay, including by requiring off the clock work.

g. Subclass 7. Failure to Timely Pay Wages Twice Monthly Subclass. All Class members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

h. Subclass 8. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

i. Subclass 9. Sick-Pay Class: All Class members who, within the applicable limitations period, worked for more than 30 days for Defendants and were not paid for at least one hour of sick time for every 30 hours of work thereafter, or at least 3 days of sick time for every 12-month period.

j. Subclass 10. Payroll Records Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

k. Subclass 11. Expenses Reimbursement Class: All Class members who, within the applicable limitations period who incurred business expenses during the Relevant Time Period.

l. Subclass 12. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

45. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or to provide further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

46. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate and pay compensation for the time worked by Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of this work, required Employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class members wages to which these employees are entitled, and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

47. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined

community of interest in this litigation and the proposed Class is easily ascertainable from the employment records for Plaintiff and the Class members that Defendants are required to maintain under California law.

**A. Numerosity**

48. The potential members of the Class as defined are so numerous that joinder of all the Class members is impracticable. While the precise number of Class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit employed, at least hundreds of Employees who satisfy the Class definition within the State of California. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class members.

**B. Commonality**

49. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions are numerous and substantial and flow from Defendants' uniform policies and/or practices of violating the California Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

f. Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements and wage statements that omitted many of the Section 226(a) requirements.

g. Whether Defendants violated Labor Code § 221;

h. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

i. Whether Defendants' conduct was willful;

j. Whether Defendants violated Labor Code § 226 and § 1174 and §1198 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

k. Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

l. Whether Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

m. Whether Defendants violated California Labor Code §§ 246 and 248.1 by not providing employees with all required sick days and COVID-19 supplemental sick leave;

n. Whether Defendants violated Labor Code §§ 1174 and1174.5;

o. Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

p. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*

**C. Typicality**

50. The claims of the named Plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct and uniformly applied policies in violation of statutes, as well as regulations, that have the force and effect of law, as alleged herein. Plaintiff's claims for

the off the clock work and meal and rest violations they were required to endure are typical of those of the other Class members.

**D. Adequacy of Representation**

51. Plaintiff will fairly and adequately represent and protect the interest of the Employee Class members. Counsel who represents Plaintiff and the Employees in the Class are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

52. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee in the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

53. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

54. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would

set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

55. Defendants, as prospective and actual employers of the Employees in the Class, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

56. Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there any discussion about Plaintiff's and the Class members' waiver of their Constitutional rights of trial by jury, to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation tolled until such time as Plaintiff and the Class members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

57. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

58. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work, including all the time required to remain on duty and under Defendants' control during breaks and due to the work demands placed upon them by Defendants' management and

by paying what should have been overtime hours as regular hours. Defendants' uniformly applied policies required systematic off the clock work and underpayment of all wages owed to Employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by requiring systematic off the clock work. To the extent any local wage ordinances were also applicable to paying the employees an hourly rate above the minimum wage rate, Defendants failed to comply with the local wage ordinances. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

59. In California, employees must be paid at least the applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Also, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

60. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wage rate fixed by the commission for work during the relevant period is found in the Wage Orders.

61. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

62. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one.

63. In committing these violations of the California Labor Code, Defendants inaccurately recorded, or required Plaintiff and the Class members to input times that did not reflect their actual hours worked, or miscalculated hours or rates or otherwise underpaid the actual time worked by Plaintiff and other members of the Class, including by requiring off the clock work as addressed in detail above. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

64. California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

65. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

66. Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

67. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

68. Plaintiff and the Class members are entitled to recover the unpaid minimum wages (including double minimum wages) and local wage ordinance wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional, and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

69. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

71. By their conduct, as set forth herein, Defendants violated Labor Code § 1194 and Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the

Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

72. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work as addressed above, by unlawful deductions, by under-reporting actual hours worked, and by requiring Employees to do so as well. Defendants have also failed to include all forms of remuneration in the regular rate of pay used to calculate and pay overtime, and failed to begin paying overtime when it was incurred due to the off the clock work, as detailed above.

73. Defendants thus had a consistent policy of not paying Employees wages for all hours worked, including hours at their required regular, overtime, and double-time rates. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, or required Plaintiff and the Class members to do so, or otherwise caused them to work off the clock to avoid paying Plaintiff and the Class members all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods or remain under Defendants' control when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties and respond to demands from customers and managers.

74. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix

incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated Class members to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

75. Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Order, and is therefore unlawful. Defendants also failed to correctly calculate the regular rate used to calculate and pay overtime, and meal and rest premiums, as addressed above.

76. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

77. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely

payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

78. Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

79. Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20, Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

80. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

81. Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

82. Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements to perform off the clock work and remain under Defendants' control. Furthermore, upon information and belief, on the occasions when Employees worked more than ten hours in a given shift, they did so without receiving a second uninterrupted thirty-minute meal period as required by law.

83. Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Order, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty minutes, or by requiring them to perform work during breaks.

84. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. As detailed above, when Defendants paid any meal period premiums, they upon information and belief underpaid them by miscalculating the regular rate of compensation by not including all forms of remuneration in it. Defendants thus failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

85. Therefore, pursuant to Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order, Employees in the Class are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory

penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes and applicable IWC Wage Order paragraphs.

**FOURTH CAUSE OF ACTION**

**REST BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

86. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four (4) work hours.

88. Employees consistently worked consecutive four hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten minutes for each consecutive four hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten minutes for each consecutive four hour shift. Defendants made no effort to authorize and permit Plaintiff and the Class members to take lawful rest breaks. Employees were often required to work or to otherwise remain under Defendants' control during rest periods, including by responding to work requirements, and had breaks provided untimely as a result of the above described off the clock work.

89. Labor Code §§ 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to do so.

90. Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

91. Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders. To the extent Defendants paid any rest break premiums, they upon information and belief, underpaid them by miscalculating the regular rate of compensation by not including all forms of remuneration in it. Defendants thus failed to compensate the Employees in the Class for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

92. Therefore, pursuant to Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY PROPER SICK PAY IN VIOLATION OF LABOR CODE § 246**

**(Against All Defendants)**

93. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

94. Labor Code Section 246 affords an employee "who works in California for 30 or more days within a year from the commencement of employment [] paid sick days . . . of not less than one hour per every 30 hours worked" and "no less than 24 hours of accrued sick leave or paid time off by the 120th calendar day of employment or each calendar year, or in each 12-month period."

95. Additionally, Subsection (l) of Labor Code § 246 provides: "For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations: (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the

regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

96. Defendants had a common policy and practice of systemically failing to pay Plaintiff and Sick Pay Class Members the requisite sick time pay in accordance with California Law. Specifically, Plaintiff and Sick Pay Class Members worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12 month period of work. Additionally, the sick pay paid to Plaintiff and Sick Pay Class Members did not account for differential pay as well as performance-based non-discretionary bonuses, which were never factored into the rate upon which sick pay was accrued and paid.

97. Therefore, Sick Pay Class Members are owed the unpaid balance of said wages pursuant to the Wage order according to proof at trial, interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs and/or penalties pursuant to Labor Code § 558(a).

**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

98. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

99. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

100. Defendants failed to provide Plaintiff and the similarly situated Employee Class members with accurate itemized wage statements in writing, as required by the Labor Code and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements issued to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including for all overtime and double time hours worked and for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above.

101. Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226 and paragraph 7 of the applicable IWC Wage Orders, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements.

102. Plaintiff and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide an accurate wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross

wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

103. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) and paragraph 20 of the applicable IWC Wage Orders.

104. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Employees in the Class suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

105. Pursuant to Labor Code §§ 226(a) and 226(e), and paragraph 20 of the applicable IWC Wage Order, Plaintiff and the Employee Class members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) under Section 226(e). They are also entitled to an award of costs and reasonable attorneys' fees.

///

///

///

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 221**

**(Against All Defendants)**

106. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

107. Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

108. Defendants unlawfully received and/or collected wages from the Employees in the Class by requiring off the clock work, by miscalculating overtime, and by not paying one hour of pay at the regular rate of compensation for every meal and rest period violation endured by Plaintiff and the other Class members, as alleged above. By not compensating Employees for all hours worked and meal and rest period premiums, Defendants unlawfully deducted wages earned in violation of Labor Code § 221.

109. As a direct and proximate cause of the unauthorized deductions, Employees have been damaged, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

110. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

111. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last

day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period.

112. All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

113. Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

114. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 204, 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

115. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

116. Plaintiff and numerous Class members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

117. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two hours of resignation.

118. The wages withheld from these Employees by Defendants remained due and owing for more than thirty days from the date of separation from employment. Additionally, Defendants failed to pay Plaintiff her final check at the time of her termination.

119. Defendants thus failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work or by unlawfully under-recording time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

120. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders. Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing

Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

121. Defendants' failure to pay wages, as alleged, entitles Plaintiff and these former Employee Class members to penalties under Labor Code § 203 and the applicable paragraphs of the IWC Wage Orders as addressed above, including the requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**TENTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS, LABOR CODE §§ 1174, 1174.5**

**(Against All Defendants)**

122. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

123. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

124. During the course of Plaintiff's and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff and Class Members as required by California Labor Code § 1174 by failing to pay them proper wages, overtime, and premium pay as discussed above and failing to document and pay for actual hours worked.

125. Defendants are also required by the California Labor Code § 1198 and the applicable Wage Order to maintain a tracking system that accurately records the times during which Employees work.

126. Defendants have maintained a common unlawful policy and practice of failing to accurately record all hours worked and all meal period start and end times.

127. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them.

128. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code including § 1174.5, for the three years prior to the filing of this Complaint.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES, LABOR CODE § 2802**

**(Against All Defendants)**

129. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

130. Labor Code section 2802(a) states: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Additionally, Defendants have regularly required Plaintiff and the Expense Reimbursement Class members to incur necessary business expenses in the course of performing their required job duties without reimbursement. These include the cell phone-related expenses Plaintiff and Class members incurred in responding to calls from management both on and off the clock. Moreover, Plaintiff was required to drive during work and his mileage reimbursement was taxed, so the reimbursement was incomplete. Plaintiff and Reimbursement Class members must be reimbursed for these necessary business expenses under Labor Code § 2802, and Defendants systematically failed to do so.

131. Accordingly, Plaintiff and Expense Reimbursement Class members are entitled to restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of the Complaint and until the date of entry of judgment.

132. Plaintiff, on behalf of himself, and Expense Reimbursement Class members, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

///

///

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

133. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein. Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

134. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

135. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

136. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

137. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

138. Defendants' conduct, as alleged above, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

139. By engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., Defendants either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore, their conduct violates the Business & Professions Code § 17200 *et seq*.

140. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

141. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

142. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8. For restitution and/or damages and penalties for Defendants' failure to pay all wages due twice monthly under Labor Code § 204, as may be proven;

9. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

10. For reimbursement of necessary business expenses incurred by Employees under Labor Code § 2802;

11. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

12. For penalties pursuant to Labor Code § 1174.5, as may be proven;

13. For penalties pursuant to Labor Code §§ 226 and 1198.5, as may be proven;

14. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

15. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

16. For other wages and penalties under the Labor Code as may be proven;

17. For all general, special, and incidental damages as may be proven;

18. For an award of pre-judgment and post-judgment interest;

19. For an award providing for the payment of the costs of this suit;

20. For an award of attorneys' fees; and

21. For such other and further relief as this Court may deem proper and just.

DATED: May 8, 2024

D.LAW, INC.

By ______________________

David Yeremian
Alvin B. Lindsay
Jean Hopkins Power
Attorneys for Plaintiff Guillermo L. Sornia
and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: May 8, 2024

D.LAW, INC.

By ______________________

David Yeremian
Alvin B. Lindsay
Jean Hopkins Power
Attorneys for Plaintiff Guillermo L. Sornia and the putative class

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**
**Branch Name:** El Centro Main Courthouse
**Mailing Address:** 939 W Main St
**City, State and Zip Code:** El Centro CA 92243

| | |
|---|---|
| **SHORT TITLE:** GUILLERMO L. SORNIA, an individual, on behalf of himself and others similarly situated, vs. WESTERN MESQUITE MINES, INC., a Nevada Corporation et al<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>ECU003523 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of IMPERIAL. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By: Legal Connect
Reference Number: 9762012_2024_05_09_00_10_30_515_2
Submission Number: 24IM00041624
Court Received Date: 05/08/2024
Court Received Time: 5:18 pm
Case Number: ECU003523
Case Title: GUILLERMO L. SORNIA, an individual, on behalf of himself and others similarly situated, vs. WESTERN MESQUITE MINES, INC., a Nevada Corporation et al
Location: El Centro Main Courthouse
Case Type: Civil Unlimited
Case Category: Employment: Other (15)
Jurisdictional Amount: Greater than 35K
Notice Generated Date: 05/09/2024
Notice Generated Time: 9:33 am

| Documents Electronically Filed/Received | Status |
|---|---|
| Complaint: Complex | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons: Issued | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Alvin B. Lindsay (SBN 220236); Jean Hopkins Power (SBN 326509)
D.Law, Inc. 880 E. Broadway Glendale, CA 91205

TELEPHONE NO.: (818) 962-6465 FAX NO.: (818) 962-6469
EMAIL ADDRESS: a.lindsay@d.law; j.power@d.law
ATTORNEY FOR *(Name):* Plaintiff, Guillermo L. Sornia

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Imperial
**05/08/2024 at 05:18:10 PM**
By: Marissa Moran, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**
STREET ADDRESS: 939 W Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: El Centro, 92243
BRANCH NAME: El Centro Courthouse

CASE NAME:
Sornia v. Western Mesquite Mines, Inc. et al.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: L. Brooks Anderholt ECU003523
9
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 8. 2024
Alvin B. Lindsay
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form