# EXHIBIT B

James P. Carter (SBN 150052)
Jordan Wysocki (SBN 334671)
Victoria L. Cendejas (SBN 349496)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone: (949) 885-1360
James.Carter@jacksonlewis.com
Jordan.Wysocki@jacksonlewis.com
Victoria.Cendejas@jacksonlewis.com

Attorneys for Defendants
WESTERN MESQUITE MINES, INC.; and
EQUINOX GOLD CORP.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| GUILLERMO L. SORNIA, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN MESQUITE MINES, INC., a Nevada Corporation; EQUINOX GOLD CORP, a Canadian Corporation; NEW GOLD CANADA, INC., a Canadian Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: ECU003523 [CLASS / COMPLEX]**<br><br>*[Assigned for all purposes to the Hon. L. Brooks Anderholt, Dept. 9]*<br><br>**DEFENDANT EQUINOX GOLD CORP'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:   May 8, 2024<br>Trial Date:   Not Set |

Defendant EQUINOX GOLD CORP., ("Defendant"), on behalf of itself and for no other Defendant, hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff GUILLERMO L. SORNIA ("Plaintiff") and admits, denies and otherwise pleads as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff and/or the putative class members (the existence of which is expressly denied) they purport to represent are entitled

1

DEFENDANT EQUINOX GOLD CORP'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

to any of the relief requested therein. Defendant denies that it is guilty of any wrongful conduct or omission, whether alleged or otherwise, and denies that any conduct or omission of Defendant caused any injury or damage to Plaintiff and/or the putative class members in the amount alleged, an amount to be alleged, or otherwise.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of these, as separate and distinct affirmative defenses to the Complaint and the claims and/or causes of action alleged therein, and to each of them, Defendant allegea the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted to the extent it alleges claims based on actions that did not impact Plaintiff or the alleged putative class members and to the extent that Plaintiff seeks remedies other than those provided by statute.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. To the extent Plaintiff seeks recovery in excess of the time limitations set forth in the applicable statutes, the claims asserted in the Complaint are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 338 and 340.

## THIRD AFFIRMATIVE DEFENSE

### (Unmanageable Class)

3. Plaintiff's claims, and those of the putative class members, are barred in whole or in part, because Plaintiff cannot establish a manageable class trial.

///

## FOURTH AFFIRMATIVE DEFENSE

### (No Feasibility)

4. Plaintiff's claims are not feasible to try as class claims.

## FIFTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

5. Defendant alleges that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and those of the putative class members.

## SIXTH AFFIRMATIVE DEFENSE

### (Inadequate Class Counsel)

6. Plaintiff's claims, and those of the putative class members, are barred in whole or in part because Plaintiff's attorney(s) are inadequate class counsel to the claims asserted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands. Defendant may learn facts in discovery that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of unclean hands at the time of trial.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8. Plaintiff's claims are barred by the doctrine of consent.

## NINTH AFFIRMATIVE DEFENSE

### (Labor Code Sections 2854 and 2856)

9. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part, by Labor Code sections 2854 and 2856 in that Plaintiff and the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

///

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

10.     Defendant is entitled to an offset for amounts Plaintiff and the putative class members owe Defendant, and each of them, for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Liability Under California Labor Code Section 226)

11.     Plaintiff's Complaint as a whole, and the purported cause of action alleged therein, is barred, in whole or in part, because, even assuming arguendo, Plaintiff and/or the putative class members were not provided with accurate itemized statements of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

12.     Plaintiff's Complaint as a whole, and the purported cause of action alleged therein, is barred, in whole or in part, because any recovery from Defendant would result in Plaintiff or the putative class members' unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Liquidated Damages)

13.     Plaintiff's Complaint as a whole, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to recover liquidated damages or to show that Defendant did not act in good faith and Defendant did not have reasonable grounds for believing that the alleged act or omission was not a violation of any provision of the Labor Code or an order of the Labor Commission.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Restitution)

14.     Plaintiff's claims under Business and Professions Code Section 17200 are barred to the

4

DEFENDANT EQUINOX GOLD CORP'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

extent that Labor Code Section 226.7 payments are not "restitution" recoverable under the Unfair Competition Law.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

15. Plaintiff's claim for unlawful business practices under Business and Professions Code section 17200, *et seq.*, is barred because the alleged practices are not unfair, unlawful or fraudulent; the public is not likely to be deceived by any alleged practices; Defendant complied with all applicable statutes and regulations; and Defendant gained no economic advantage by such alleged practices.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injury)

16. As a separate and distinct affirmative defense, Defendant allege that Defendant provided Plaintiff and/or the alleged putative class members with proper compensation and California-compliant wage statements. Accordingly, because no injury resulted, they lack standing to recover penalties and/or damages because they suffered no injury based on Defendant's alleged failure to provide accurate itemized wage statements.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

17. Plaintiff's claims for "waiting time penalties" under Labor Code Section 203 for untimely payment of wages are barred because Defendant did not intentionally or willfully withhold payment of wages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Penalties)

18. Plaintiff's Complaint fails to allege facts sufficient to establish a claim for penalties.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

19. The Complaint, and each purported cause of action therein, is barred by the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Estoppel)

20. The Complaint and all the causes of action asserted therein are barred by the doctrine of estoppel in that Plaintiff and the alleged putative class members' own actions caused some or all their alleged damages, if any damages exist, and therefore Plaintiff and the alleged putative class members are estopped from asserting those claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

21. The Complaint as a whole, and each purported cause of action alleged therein, is barred or reduced to the extent that Plaintiff and the alleged putative class members have entered into any accord and satisfaction with respect to any claim asserted in this lawsuit.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver and Release)

22. Some or all of the claims of Plaintiff and the alleged putative class members are barred, in whole or in part, to the extent such claims have been waived, discharged, and /or released.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

23. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust appropriate administrative and/or internal remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Violations of Defendant's Policies)

24. Plaintiff is barred, in whole or in part, from obtaining any recovery from Defendant to the extent that Plaintiff and any alleged putative class members' damages, if any, resulted from their own acts and/or omissions, including but not limited to their knowing and intentional violation of Defendant's policies and procedures.

///

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (All Wages Paid)

25. The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff and the alleged putative class members have received all wages to which they have ever been entitled.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Knowledge of Violations)

26. Plaintiff and the alleged putative class members cannot recover for any alleged violations to the extent Defendant has no knowledge, nor should have had knowledge, of any of the alleged violations. Accordingly, Defendant is not liable for alleged unreimbursed business expenses that it had no knowledge was being incurred in violation of Defendant's policies and, if such unreimbursed expenses were incurred, which Defendant denies, it was incurred in a manner designed to conceal it from Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful Conduct/Good Faith Dispute)

27. To the extent Plaintiff or the alleged putative class members seek penalties for any alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred because Defendant did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Expenses/Purchases Not Necessary)

28. Plaintiff and the alleged putative class members' claims under California Labor Code § 2802, and any derivative causes of action and claims based thereon, are barred, in whole or in part, because the expenses about which Plaintiff and the alleged putative class members complain were not necessary to perform their job duties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Derivative Wage Statement Claim)

29. Plaintiff is barred from claiming and recovering penalties for inaccurate wage statements which are entirely dependent upon or derivative of his claims for unpaid wages and/or penalties as alleged

in the Complaint. (*Maldonado v. Epsilon Plastics, Inc.* (2018) 22 Cal.App.5th 1308.)

## THIRTIETH AFFIRMATIVE DEFENSE

### (Indemnification)

30. If Plaintiff and/or the putative class members suffered any damages as a result of the facts alleged in this Complaint, Defendant is entitled to indemnification, either in whole or in part, from all persons or entities who employed Plaintiff and/or whose negligence and/or fault proximately caused or contributed to Plaintiff's alleged damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

31. Defendant has had procedures in place for reporting work-related issues, including the payment of wages. To the extent Plaintiff and/or alleged putative class members failed to utilize Defendant's preventative and corrective measures, their causes of action are barred by this doctrine.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Causation)

32. Plaintiff and the alleged putative class members are barred in whole or in part from recovering any relief from Defendant because, to the extent the Plaintiff and the alleged putative class members have suffered damages, which Defendant denies, such damages were not caused by Defendant, but were instead caused by acts and/or omissions of others and/or by circumstances for which Defendant is not legally responsible.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Excuse)

33. The Complaint and all causes of action asserted therein are barred and any alleged legal duties owed by Defendant is excused because of Plaintiff' and the alleged putative class members' own acts.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Misrepresentation and Reliance)

34. Plaintiff and the alleged putative class members are barred, in whole or in part, from recovering relief to the extent they knowingly misrepresented certain facts to Defendant, including the

hours they worked, and that they took all their meal periods and rest breaks. Defendant employed and paid Plaintiff and the alleged putative class members in reliance on such representations.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Liability with Respect to Meal and Rest Periods)**

35. Plaintiff's Complaint as a whole, and the purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and/or the putative class members were informed of their right to take all meal and rest periods to which they were entitled, were and encouraged to take all meal and rest periods to which they were entitled, were permitted to take all meal and rest periods to which they were entitled, and have never been denied the right or opportunity to take such meal or rest periods.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

36. The Complaint is barred to the extent that Plaintiff lacks standing to bring the action on behalf of the alleged putative class members.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Inability to Establish Class)**

37. Plaintiff has not and cannot satisfy the requirements of California Code of Civil Procedure § 382.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Inadequate Class Representative)**

38. Plaintiff is not able to protect the interests of all members of the alleged putative class members fairly and adequately, and thus the Complaint and/or each alleged cause of action is not appropriate for class certification.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Lack of Predominance)**

39. As a separate and distinct affirmative defense, Defendant allege that the types of claims alleged by Plaintiff on behalf of themselves and/or the alleged putative class members they purport to represent are matters in which individual questions dominate and thus are not appropriate for class treatment.

## FORTIETH AFFIRMATIVE DEFENSE

**(Lack of Numerosity)**

40. As a separate and distinct affirmative defense, Defendant allege that the alleged putative class members that Plaintiff purports to represent is not so numerous that joinder is impossible.

## FORTY-FIRST AFFIRMATIVE DEFENSE

**(Lack of Commonality)**

41. As a separate and distinct affirmative defense, Defendant allege that Plaintiff is not similarly situated to other potential members of the alleged putative group they purport to represent and thus are an inadequate representative of the alleged putative group.

## FORTY-SECOND AFFIRMATIVE DEFENSE

**(Lack of Typicality)**

42. As a separate and distinct affirmative defense, Defendant allege that certain interests of the alleged putative class members are in conflict with the interests of all or certain subgroups of the members of the putative group.

## FORTY-THIRD AFFIRMATIVE DEFENSE

**(Lack of Superiority)**

43. As a separate and distinct affirmative defense, Defendant allege that Plaintiff has not shown and cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

**(Violation of Due Process)**

44. As a separate and distinct affirmative defense, Defendant allege that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserve the right to amend this Answer upon further investigation and discovery of facts supporting this defense.

///

///

## FORTY-FIFTH AFFIRMATIVE DEFENSE

**(No Damages)**

45. As a separate and distinct affirmative defense, Defendant allege that this case cannot be tried on a collective basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

**(Unconstitutional Penalties)**

46. Plaintiff and/or alleged putative class members are barred from recovering the damages and penalties sought in the Complaint because they are excessive and violate the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution.

## FORTY-SEVENTTH AFFIRMATIVE DEFENSE

**(Attorneys' Fees)**

47. The Complaint and all purported causes of actions contained therein are barred because they are unreasonable and/or filed in bad faith and/or are frivolous in nature. For these reasons, an award of attorneys' fees and costs is justified against Plaintiff, and Plaintiff is not entitled to any attorneys' fee award from Defendant.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Right to Damages)**

48. The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part because, Plaintiff and the putative class members have received all wages, income, compensation, and pay to which they have ever been entitled and are therefore not entitled to any wages or other compensation or penalties under the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, or any other law.

## FORTY-NINTH AFFIRMATIVE DEFENSE

**(Arbitration Agreement)**

49. To the extent discovery may disclose a basis for such defense, Plaintiff and the alleged putative class members are subject to final and binding arbitration under a written agreement between the

parties. Plaintiff and the alleged putative class members are thus barred from pursuing their claims against Defendant in this Court because they agreed to arbitrate disputes arising out of their employment with Defendant.

## FIFTIETH AFFIRMATIVE DEFENSE
### (Release of Claims/Claim Preclusion)

50. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred, settled and/or released, in whole or in part, and/or recovery is precluded, in whole or in part, to the extent there are settlements, judgments and/or resolutions in other legal actions brought against Defendant by or on behalf of Plaintiff or the alleged putative class, to the extent there have been voluntary payments by Defendant with respect to some or all of the claims asserted in Plaintiff's Complaint, to the extent there are releases of claims in exchange for separation packages or other consideration provided by Defendant to Plaintiff or the alleged putative class, or to the extent Plaintiff and any putative class member previously pursued the same claim before a state or federal court, the Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor.  Moreover, Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred by the doctrines of payment or payment limits and reduces Plaintiff's or the alleged putative class members' alleged damages, to the extent Plaintiff or the alleged putative class accepted payment in full discharge of any of Defendant' obligations. Without limiting the generality of this affirmative defense, Defendant allege that to the extent Plaintiff and/or any person in the alleged putative class have voluntarily settled and released all or portions of their purported claims, they are barred from recovering for these claims, or portions of claims subject to settlements entered with Defendant in previous individual settlements and any previous class actions settlements.

## FIFTY-FIRST DEFENSE
### (Not Plaintiff's Employer)

51. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that Defendant was not Plaintiff's employer, never controlled Plaintiff's wages, hours or working conditions, nor was Defendant the employer of the putative class. Defendant lacked knowledge and information related to the allegations of the Complaint as the same were not communicated

to it.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

52. Defendant alleges that Plaintiff's claims are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to the putative class members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## RESERVATION OF RIGHTS

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.

## DEFENDANT'S REQUEST FOR RELIEF

Wherefore, Defendant prays for judgment that:

1. That Plaintiff and the putative class members take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant and against Plaintiff and the putative class members on all claims;
3. Defendant be awarded their costs of suit incurred herein;
4. That Defendant be awarded attorney's fees pursuant to statute and/or contract, and;
5. That the Court award Defendant such other and further relief as it deems just and proper.

Dated: July 8, 2024                         JACKSON LEWIS P.C.

                                            _____
                                            James P. Carter
                                            Jordan Wysocki
                                            Victoria L. Cendejas

                                            Attorneys for Defendants
                                            WESTERN MESQUITE MINE, INC.; and
                                            EQUINOX GOLD CORP.

# PROOF OF SERVICE

**CALIFORNIA SUPERIOR COURT, COUNTY OF IMPERIAL**

**CASE NAME:** *GUILLERMO L. SORNIA v. WESTERN MESQUITE MINES, ET AL.*

**CASE NO.:** **ECU003523**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

On **July 8, 2024,** I caused the foregoing document(s) described as:

**DEFENDANT WESTERN MESQUITE MINE, INC. AND EQUINOX GOLD CORP'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Alvin B. Lindsay, Esq.<br>Jean Hopkins Power, Esq.<br>D.LAW, INC.<br>880 E. Broadway<br>Glendale, CA 91205<br><br>**5.20.24 E-Service Agreement** | *Attorneys for Plaintiff*<br>*GUILLERMO L. SORNIA*<br><br>Phone:    (818) 962-6465<br>E-Mail:    a.lindsay@d.law<br>              j.power@d.law<br><br>cc: Sasha Zambrano ~ s.zambrano@d.law |

☒ **E-MAIL:** Pursuant to a Court Order or an agreement of the parties to accept service by e-mail or electronic transmission, pursuant to Cal. Rules of Court Rule 8.78(a)(2)(B), 2.251, and Cal. Code Civ. Proc. § 1010.6, I caused the foregoing document(s) to be served by e-mail to the address(es) indicated herein. I did not receive, within a reasonable time after the transmission, any e-mail or other indication that the transmission was unsuccessful. My e-mail address is Gazale.Banyan@jacksonlewis.com.

**STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 8, 2024**, at Irvine, California.

*/s/ Gazale Banyan*
Gazale Banyan

4870-6736-9934, v. 1